PINNEY & JOHNSON plaintiffs in error, *vs.* ISAAC LEVY, Sheriff, defendant in error.

While the statute, known as the Stay-law, was considered of force, the plaintiffs in *fi. fa.* notified the sheriff that the judgment was recovered against the defendant as a bailee, which was one of the excepted cases in the statute, to which it did not apply, and directed him to proceed to make the money by levy. He refused to do so, and, in response to a rule, claimed that he was not bound to levy under the notice, because the *fi. fa.* did not show on its face that the case was within the exception. This was not a legal excuse. He should have made the levy under the notice, and left the defendant to his affidavit of illegality, or other proper remedy, if the facts were not as stated in the notice, and having failed to proceed with the *fi. fa.*, he is liable.

Rule against Sheriff. Stay-law decided by Jno. C. Snead. City Court of Augusta. November Term, 1867.

Pinney & Johnson brought "complaint" against R. J. Bowie & Co., on the following open account:

"R. J. BOWIE & Co.
                To PINNEY & JOHNSON, 23 Fulton Street, New York.
1861.
    May 16th, 12 tierces Butter,...........................................$189 25
        19th, 50 boxes Cheese........ .... ..............................  87 95
        26th, 62 boxes Cheese...........................................  104 76
    Feb'y 8th, 42 boxes Cheese............................................  71 88
    April 8th, To cash on hand, proceeds of sale of goods con-
                signed to them......... .............................. 251 98
                                                                          ———————
                                                                          705 82"

Judgment was confessed for principal and interest from the first of January, 1862, in May, 1867, and *fi. fa.* issued, and was put into the sheriff's hands.

Levy, the sheriff, had not made the money at November Term, 1867, and was ruled by plaintiffs' attorneys. In answer to the rule, he said that said *fi. fa.* showed upon its face that it was issued upon a judgment founded upon a debt or contract made before the 1st of June, 1865, and that therefore he was prevented by the "stay-law" from making the money.

On the trial it was admitted by Levy's attorney that the

following notice was handed to the sheriff, on the day of its date, by plaintiffs' attorney.

"PINNEY & JOHNSON, ⎱ *Fi. fa.* City Court of Augusta. May Term, *vs.* ⎰ 1867. Principal $705 82. Interest from Jan- R. J. BOWIE. ⎰ uary 1st, 1862.

" *To Isaac Levy, Sheriff City Court of Augusta:*

"Take notice that at the November Term, 1867, of the City Court of Augusta, the money due on the above stated *fi. fa.* will be required at your hands, as it was left with you about the 20th September, with posi- tive instructions to make the money. Your attention is especially called to the fact that the suit was for the value of the goods consigned to, and sold by, the defendant, and that the second section of the stay-law of De- cember 13th, 1866, excepts persons who hold money as bailees from the benefits thereof. October 30th, 1867.

"FRANK H. MILLER, Plaintiffs' Attorney."

It was also admitted by him that suit had been brought in the statutory form, on an account for the proceeds of goods sold by defendant for plaintiffs. (Whether the original writ was read in evidence, does not appear.)

Plaintiffs' attorney thereupon moved to make said rule absolute, because the "stay-law" was unconstitutional and void, and because even that Act did not cover this case. The Judge said that it was unnecessary to argue the first point, because, it being then pending in the Supreme Court, until that Court passed upon it, he would hold it as a valid law. After argument on the second point, he decided that the sheriff was not bound to enforce process founded on a debt created prior to June, 1865, unless he had proper notice (and that, too, shown by the pleadings in the case) that the case was excepted from the provisions of the "stay-law," and he dis- charged the rule.

Plaintiffs' attorney then moved to amend the judgment and execution *nunc pro tunc*, so that they would conform to the decision of the Court. The Court refused to allow this done, saying he would have to hear evidence as to that fact, and could not do so under such a motion.

Plaintiffs' attorney then moved to take an order requiring the sheriff to enforce the *fi. fa.*, as one not affected by the "stay-law," but the Court would not pass the order.

Pinney & Johnson *vs.* Levy, sheriff.

And now, plaintiffs' attorney says that the Court erred in holding said act constitutional, in discharging said rule, in refusing said amendment, and in refusing said order.

F. H. MILLER, (by W. HOPE HULL,) for plaintiff in error, cited *Aycock vs. Martin*, 37 *Ga., R.,* 124.

HOOK & CARR, for defendant in error, cited the "stay-law" Acts of 1866, p. 157, and *Armstrong vs. Jones*, 34 *Ga. R.,* 309.

BROWN, C. J.

It was admitted by the counsel on both sides, on the hearing of this case in the Court below, that the attorney for the plaintiffs in *fi. fa.*, had served a notice on the sheriff, that the money would be required at that term of the Court; and that in said notice, the attention of the sheriff was specially directed to the fact that the suit was for the value of the goods consigned to, and sold by, the defendant, for the plaintiffs, and that the second section of the Act, known as the "stay-law," excepts persons who hold money as bailees from the benefits thereof. And it was also admitted that the "suit had been brought in the statutory form on an account, for the proceeds of goods sold by defendant for plaintiffs."

Upon this statement of facts, the Court below refused to hold the sheriff liable, and discharged the rule. We think this ruling was erroneous. As it was admitted that the suit was brought for the proceeds of goods sold by defendant for plaintiffs, in other words, that the defendant was a bailee, and as the sheriff was specially notified that such was the fact, it is very clear that the defendant was excepted from the benefits of the stay-law. If the sheriff refused, under these circumstances, to make the money by levy and sale, we hold that he cannot protect himself by pleading that the *fi. fa.*, upon its face, did not show that defendant was a bailee. He should have proceeded with the *fi. fa.*, and left the defendant to his affidavit of illegality, or other proper remedy,

if he wished to contest the fact as to the character in which he was sued. Having failed to discharge this duty, the sheriff is liable.

Judgment reversed.